# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

ANDREW JOHNSON                                                                    PLAINTIFF


v.                                    NO. 3:09CV00053 HDY


MICHAEL J. ASTRUE,                                                              DEFENDANT
Commissioner of the Social
Security Administration


### MEMORANDUM OPINION AND ORDER


BACKGROUND. Plaintiff Andrew Johnson ("Johnson") began his attempt to obtain

benefits by filing applications for disability insurance benefits and supplemental security

income benefits pursuant to the provisions of the Social Security Act ("Act"). His

applications were denied initially and upon reconsideration. He next requested, and

received, a de novo hearing before an Administrative Law Judge, who eventually issued

a decision adverse to Johnson. He then appealed. The Appeals Council affirmed the

decision, which became the final decision of the Commissioner of the Social Security

Administration ("Commissioner"). Johnson then commenced the proceeding at bar by

filing a complaint pursuant to 42 U.S.C. 405(g). In the complaint, he challenged the

Commissioner's final decision.

STANDARD OF REVIEW.  The sole inquiry for the Court is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. The standard requires the Court to take into consideration "the weight of the evidence in the record and apply a balancing test to evidence which is contrary."  See Heino v. Astrue, 578 F.3d 873, 878 (8th Cir. 2009) [internal quotations and citations omitted].

THE COMMISSIONER'S FINDINGS.  The Commissioner made findings pursuant to the five step sequential evaluation process.  At step one, the Commissioner found that Johnson has not engaged in substantial gainful activity since the alleged onset date.[1]  At step two, the Commissioner found that Johnson has "the following severe combination of impairments: diabetes mellitus and essential hypertension ..."  See Transcript at 14. At step three, the Commissioner found that Johnson does not have an impairment or combination of impairments listed in, or medically equal to one listed in, the governing regulations.  The Commissioner then assessed Johnson's residual functional capacity and found that he can perform light work.  The Commissioner then proceeded to step four where he found that Johnson can perform his past relevant work.  The Commissioner therefore concluded that Johnson is not disabled within the meaning of the Act.

---

[1]

The Commissioner specifically found that "[Johnson] has not engaged in substantial gainful activity since October 2, 1995, the alleged onset date" but that "[a]ny work performed thereafter was either not performed at the substantial gainful activity ... level or was an unsuccessful work attempt."  See Transcript at 14.  There is evidence in the record, however, that Johnson worked full-time as late as 2005.  It is not clear to the Court how full-time work is work not performed at the substantial gainful activity level or an unsuccessful work attempt.  Because the lack of clarity regarding that issue is ultimately not germane to the resolution of this proceeding, it is simply noted by the Court.

JOHNSON'S ASSERTIONS OF ERROR.  Are the Commissioner's findings supported by substantial evidence on the record as a whole?  Johnson thinks not and advances the following reasons why: (1) the Commissioner failed to consider all of Johnson's impairments and erroneously found that none of his impairments, when considered individually and in combination, meet or equal a listed impairment; (2) the Commissioner failed to make specific findings as to Johnson's residual functional capacity and/or failed to properly assess his residual functional capacity; and (3) the Commissioner failed to properly consider Johnson's subjective complaints.

JOHNSON'S IMPAIRMENTS.  Johnson first maintains that all of his impairments were not considered by the Commissioner.   Johnson specifically maintains that he has numerous impairments–the primary ones being a fractured vertebra he allegedly sustained in a 1995 automobile accident; diabetes; and chronic foot problems, including chronic lesions on both of his feet–that were not properly considered by the Commissioner.[2]  Johnson additionally maintains that the Commissioner erroneously found that none of the impairments, when considered individually and in combination, meet or equal a listed impairment.

---

[2]

Johnson maintains that his impairments also include the following: (A) obesity; (B) a respiratory problem; (C) a hernia; (D) anxiety; (E) ptosis, or an abnormally low position or drooping of the upper eyelid; (F) erythrocytosis, or an elevated red blood cell count; (G) hypertension; (H) GERD, or gastroesophageal reflux disease; and (I) gingivitis.  In addition to the foregoing, the record reflects that at other times, Johnson claimed to suffer from the following impairments: (1) dehydration; (2) headaches; (3) blurred vision; (4) muscle soreness; (5) mental problems, including depression and "occasional memory and concentration difficulties," see Transcript at 15; (6) neck pain; (7) leg pain; and (8) a tingling sensation in his arms.

At step two, the Commissioner is obligated to identify the claimant's impairments and determine whether they are severe.  An impairment is severe if it has "more than a minimal effect on the claimant's ability to work." See Henderson v. Sullivan, 930 F.2d 19, 21 (8th Cir. 1992) [internal quotation omitted].  At step three, the Commissioner is obligated to determine whether the impairments, when considered individually and in combination, meet or equal a listed impairment. See Raney v. Barnhart, 396 F.3d 1007 (8th Cir. 2005).  The determinations at steps two and three are strictly medical determinations.  See Bowen v. Yuckert, 482 U.S. 137 (1987) (step two); Cockerham v. Sullivan, 895 F.2d 492 (8th Cir. 1990) (step three).

The Commissioner considered Johnson's diabetes and hypertension and found that, in combination, they are severe but do not meet or equal a listed impairment.  The Commissioner also considered in varying detail the following impairments alleged by Johnson: blurred vision, a fractured vertebra and/or back pain, obesity, headaches, occasional memory and concentration difficulties, a hernia, respiratory problems, tobacco abuse, anxiety, GERD, and foot problems.  The Commissioner found that the impairments are not severe because they are either slight abnormalities or are capable of being controlled with medication and/or treatment.  With regard to Johnson's other impairments, the Commissioner did not consider them for the apparent reason that they lack support in the record.  The Court is satisfied that the foregoing findings are supported by substantial evidence on the record as a whole.

-4-

Johnson testified during the administrative hearing that he injured his back in an automobile accident, specifically testifying that he was told that he sustained a fractured vertebra in a 1995 automobile accident.[3]  There is little medical evidence, though, to substantiate his testimony concerning such an injury.  No surgery was ever performed, and there is little evidence that he received any significant treatment for his back.  Consistent with the foregoing, a consultative physician made the following findings concerning the condition of Johnson's back: he has the full range of motion in his spine, see Transcript at 283; he has the full range of motion in all of his extremities, see Transcript at 283; the results of his straight-leg raising are normal, see Transcript at 283; his gait and coordination are within the normal range, see Transcript at 284; and the results of an x-ray revealed that his lumbar vertebra is within the normal range, see Transcript at 285.  The aforementioned findings were admittedly made by a consultative physician, whose findings are not accorded the greatest of weight, but they are consistent with the other medical evidence in the record.  In addition, Johnson has not come forward with any evidence to contradict the findings made by the consultative physician.  Thus, the Commissioner could and did find that Johnson's back condition is not severe.

---

[3]

Johnson maintains that "the majority of his [impairments] involve his involvement in a motor vehicle accident in 1995, diabetes, and … chronic foot troubles."  See Document 12 at 5.  Given his representation, those impairments warrant the most consideration.  The Court begins by addressing his claim that he sustained a fractured vertebra in the 1995 automobile accident.

With regard to Johnson's diabetes and hypertension, the medical evidence indicates that the impairments in combination have more than a minimal effect on his ability to work and are therefore severe.  There is little medical evidence, however, that the impairments meet all of the specified medical criteria at step three.  See Marciniak v. Shalala, 49 F.3d 1350, 1353 (8th Cir. 1995) (to meet or equal listing, impairment must meet or equal all specified criteria).  Thus, the Commissioner could and did find that the impairments do not meet all of the specified medical criteria at step three.

With regard to Johnson's foot problems, the medical evidence indicates that he suffers from lesions and/or calluses on his feet.  A Health Summary prepared by a representative of the Department of Veterans Affairs Medical Center reflects that a plan for treating Johnson's lesions and/or calluses involved "debridement of hypertrophic nails and reduction in thickness with electric grinder; reduce callus tissue."  See Transcript at 260-261.  Additionally, it was recommended that he wear athletic shoes and/or orthotics.  See Transcript at 260.  There is nothing to suggest that this course of treatment did not help relieve his foot problems.  Thus, the Commissioner could and did find that Johnson's foot problems are not severe.[4]

---

[4]

With regard to Johnson's other impairments, the medical evidence supports the Commissioner's findings that they are slight abnormalities, are capable of being controlled with medication, or do not warrant any consideration.  For instance, Johnson may experience some blurred vision, but no medical testing substantiates his assertion.  His visual acuity is in the range of 20/20 to 20/25 or better, and no medication or eyeglasses have been prescribed for his eyesight.  See Transcript at 220, 282, 331.  Additionally, he may indeed experience headaches from time to time.  There is no medical evidence, however, to support his assertion.

JOHNSON'S RESIDUAL FUNCTIONAL CAPACITY.   Johnson next maintains that specific findings were not made in assessing his residual functional capacity.   He specifically maintains that the Commissioner "not only made a merely conclusory statement instead of the required specific findings, but he also drastically misstated [Johnson's] testimony regarding his physiological abnormalities." See Document 12 at 9.  Johnson also maintains that his residual functional capacity was improperly assessed.

A claimant's residual functional capacity is simply an assessment of "the most a person can do despite that person's limitations." See Brown v. Barnhart, 390 F.3d 535, 538-39 (8th Cir. 2004).  The assessment is made using all of the relevant evidence in the record and must be supported by "medical evidence that addresses [the claimant's] ability to function in the workplace." See Id. at 539.

In assessing Johnson's residual functional capacity, the Commissioner considered both the medical evidence, including the opinions of Johnson's physicians and the state agency consultants, and the non-medical evidence, including the symptoms Johnson alleged and his subjective allegations.  The Commissioner found that Johnson is capable of performing the exertional demands of light work.[5]  The Court is satisfied that the foregoing findings are supported by substantial evidence on the record as a whole.

---

[5]

"Light work involves lifting no more than [twenty] pounds at a time with frequent lifting or carrying of objects weighing up to [ten] pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  ..." See 20 C.F.R. 404.1567.

It is true that the Commissioner did not make a host of specific findings as to the most Johnson can do despite his limitations.  Instead, the Commissioner simply outlined the evidence and determined that Johnson can do light work.  Although a more thorough analysis would have been helpful, the Commissioner did not err.

First, the Commissioner considered the medical evidence.  With specific regard to Johnson's alleged fractured vertebra, there is little medical evidence to substantiate his testimony that he sustained such an injury in the 1995 automobile accident.  With specific regard to his diabetes and hypertension, the medical evidence substantiates that he suffers from those impairments but that the impairments are largely controlled with medication.   With specific regard to Johnson's foot problems, which appear to be his chief complaint, it appears uncontested that he suffers from lesions and/or calluses on his feet.  Left untreated, they can and do caused significant pain and can affect his ability to stand for prolonged periods of time.  He has, however, received treatment for the problems in the form of "debridement of hypertrophic nails and reduction in thickness with electric grinder[,] reduce callus tissue," see Transcript at 260-261, and by wearing athletic shoes and/or orthotics.  This regiment of treatment appears to greatly aid his foot problems and supports the Commissioner's finding that Johnson can satisfy the standing requirements of his past relevant work.  With regard to his other impairments, the Commissioner could and did find that they are slight abnormalities, are capable of being controlled with medication or treatment, or lack support in the record.

Second, the Commissioner considered the non-medical evidence, including Johnson's subjective complaints.  The Commissioner did so in light of the factors outlined in Polaski v. Heckler, 739 F.2d 1320 (8th Cir.1984).[6]  The Commissioner engaged in an analysis of most of the factors, made note of evidence in the record that related to the factors, and briefly explained why the bulk of the evidence tended to lessen Johnson's credibility as to the severity of his subjective complaints.  Johnson nevertheless disagrees with those findings.  He has failed, however, to advance a clear reason why the Commissioner's findings are erroneous or to offer any evidence to contradict them.  It is possible to construe Johnson's chief complaint to be that he cannot "handle the required standing that goes along with his previous job of [s]ecurity [g]uard."  See Document 12 at 9, note 1.  The Commissioner could and apparently did find that Johnson's assertion is belied primarily by his daily activities and by the lack of any significant medication or treatment for the pain in his back and/or feet.

---

[6]

In Polaski v. Heckler, the Court of Appeals identified five factors the Commissioner is required to consider when analyzing a claimant's subjective complaints; they are as follows:

"(1) the claimant's daily activities; (2) the duration, frequency and intensity of pain; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions.  The [Commissioner] must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the [claimant's] complaints.  Masterson v. Barnhart, 363 F.3d 731, 738 (8th Cir.2004).  However, the [Commissioner] need not explicitly discuss each Polaski factor.  Strongson v. Barnhart, 361 F.3d 1066, 1072 (8th Cir.2004).  The [Commissioner] only need acknowledge and consider those factors before discounting a claimant's subjective complaints.  Id."

See Eichelberger v. Barnhart, 390 F.3d 584, 589-590 (8th Cir. 2004).

JOHNSON'S SUBJECTIVE COMPLAINTS.  Johnson last maintains that his subjective complaints were not properly considered.  He specifically maintains that specific findings were not made and that his testimony was mis-characterized.

The Commissioner did not make a host of specific findings as to Johnson's subjective complaints.  Nevertheless, the Commissioner did engage in an analysis of most of the Polaski v. Heckler factors, made note of evidence in the record that related to the factors, and briefly explained why the bulk of the evidence tended to lessen Johnson's credibility as to the severity of his subjective complaints.  Although Johnson disagrees with those findings, the Court again notes that he failed to advance a clear reason why the Commissioner's findings are erroneous or to offer any evidence to contradict them. The Court is satisfied that the Commissioner's findings as to Johnson's subjective complaints are supported by substantial evidence on the record as a whole.

ADDITIONAL POINTS.  In addition to the foregoing, two points are in order.  First, Johnson appears to maintain that specific findings were not made as to the demands of his past relevant work.  Although the Commissioner's findings on that issue are not extensive, the record reflects the following: (1) Johnson testified regarding the demands of his past relevant work as a security gate guard, see Transcript at 351-352, and (2) a vocational expert testified that Johnson's past relevant work as a security gate guard involved light work, see Transcript at 359.  Accordingly, the Commissioner could and did find that Johnson's past relevant work as a security guard involved light work.

-10-

Second, Johnson appears to maintain that because he suffers from non-exertional impairments, the Commissioner was obligated to obtain vocational testimony in determining whether Johnson can return to his past relevant work. There are at least two problems with Johnson's assertion, the primary one being that the Commissioner stopped at step four of the sequential evaluation process. The question at that step is only whether the claimant can return to his past relevant work, and vocational testimony is not necessary to answer the question.

CONCLUSION. Given the foregoing, the Court is satisfied that substantial evidence on the record as a whole supports the Commissioner's findings. Johnson's complaint is dismissed, and all requested relief is denied. Judgment will be entered for the Commissioner.

IT IS SO ORDERED this ____29____ day of April, 2010.


_____
UNITED STATES MAGISTRATE JUDGE